FRANK E. TINGLEY *vs.* JOSEPH P. JACQUES *et als.*

MARCH 18, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Specific Performance.   Statute of Frauds.*

Where respondent acted and intended to act so as to lead complainant to believe that he would make an assignment of an agreement for the purchase of land to the complainant, he is estopped to deny the existence of the contract and the contract having been substantially performed by the complainant, specific performance on the part of the respondent will be enforced, notwithstanding the statute of frauds.

BILL IN EQUITY for specific performance and other relief. Heard on appeal of complainant and sustained and relief granted.

SWEENEY, J. This is a bill in equity to compel the respondent Jacques to assign his written agreement for the purchase of certain land from three railroad companies and his lease of the same to the complainant, in accordance with his oral agreement to do so.

The respondent Jacques filed an answer and cross bill in which he denied that he agreed to assign or transfer his written agreement for the purchase of said land or his lease of the same. He avers that the complainant agreed to loan him a sum not exceeding $20,000.00 to enable him to construct a building upon said land, to be used by him in the prosecution of the business which he intended to carry on upon said land. He further avers that he commenced the construction of said building, and that the complainant made certain advances therefor, but refused to complete his agreement and took possession of said land and building. The respondent prays that he may be put in possession of said land and building, and that an accounting may be had to determine the amount of money due to either of them on account of the advances made by the complainant; his refusal to complete his agreement with the respondent, and the loss and damage the respondent has sustained by being deprived of the possession of said land and building.

The railroad companies, joined as respondents with Mr. Jacques, filed answers, admitted making the contract for the sale of the land with Mr. Jacques, and a lease of the same to him, and stated that they were willing to convey the land to the person the court would find was entitled to receive the deed of the same.

A trial of the case was had by a justice of the Superior Court upon bill, answer, issues of fact, and oral proof. The trial justice made findings of fact adverse to the complainant and a decree was entered February 3, 1920, denying the complainant's prayer for specific performance; giving the complainant a lien upon the land and building for the money advanced by him for the cost of the construction of said building, and referring the case to a master for an accounting as prayed for by the respondent Jacques.

The complainant duly brought the case to this court by claim of appeal, and alleges as reasons therefor that the decree is against the law, and the evidence and the weight thereof.

The trial court made findings of fact, and it finds, that "on February 2nd a conference was held at Tingley's house at which Tingley, his wife and Jacques were the only ones present."

On the respondent's claim the trial court finds, "we do not find that he (Tingley) ever agreed to loan Jacques $20,000.00 unsecured, without time of payment, interest or any other detail being discussed, or that he agreed to let Jacques use Tingley's name to conduct business. This was what Jacques doubtless hoped to get, and what Jacques testified Tingley agreed to do. We discredit Jacques' testimony in this respect."

On the complainant's claim the trial court finds, "We accept the substance of this conference as testified to by Mr. and Mrs. Tingley. Some of their deductions we cannot accept under the bill as framed. Mr. and Mrs. Tingley's deductions from Jacques' acts were entirely natural, but we cannot find that he agreed in words, and we are confident he did not intend to agree, to make the transfer which

Mr. and Mrs. Tingley say he agreed to." . . . "He (Jacques) rather cleverly avoided any direct promise to convey the land to Tingley, but undoubtedly acted, and intended to act, so as to lead Tingley to believe that a transfer of the contract with the railroad company would be made to Tingley. It is this deduction of Mr. and Mrs. Tingley that we cannot accept as a basis for specific performance. Jacques' conduct was exceedingly near fraudulent silence, but complainant asks no relief on this ground." In ruling that it was necessary for Mr. Jacques to agree in words with Mr. Tingley to transfer the contract to him the trial justice erred. He finds that Mr. Jacques acted, and intended to act, so as to lead Mr. Tingley to believe that he would make the transfer. A man is presumed to intend the natural consequences of his words and acts. "The intention of the parties to any particular transaction may be gathered from their acts, in connection with the surrounding circumstances, as well as from their words; and the law therefore implies, from the silent language of men's conduct and actions, contracts and promises as forcible and binding as those that are made by express words, or through the medium of written memorials." 1 Wait's Actions and Defenses, 72.

A case in point is that of *Read Drug & Chemical Co.* v. *Nattans*, 130 Md. 465, 100 Atl. Rep. 736. This case was brought by a lessee to compel the specific performance of an agreement to renew an existing lease. The court said: "A definite proposal was submitted by the lessee to make substantial and expensive improvements to the leased building, provided the lessor would renew the lease for an additional term of 10 years. The lessor's acceptance of that conditional offer was evidenced in a positive and practical way by her active participation in the expenditure of the lessee's funds upon the specified improvements. The mere circumstance that the lessor may not have expressed her assent in words does not detract from the conclusive effect of her conduct. Authorities have been cited, but

none are needed, to support the obviously sound theory that a binding acceptance of an offer may be signified by deeds as well as by words. The plainest principles of justice require that one who has acted under the terms of a proffered agreement, to the extent of securing the benefits which it affords, should be estopped to deny the existence and mutuality of the contract."

Applying the law as above stated, to the facts as found by the trial justice, with the reasonable inference to be drawn therefrom, this court is of the opinion that the respondent Jacques did agree to transfer the contract for the purchase of the land, to the complainant.

The contract being established, the question arises, has there been a sufficient performance of it to prevent its enforcement being barred by the clause in the statute of frauds which provides that no action shall be brought whereby to charge any person upon any contract for the sale of lands, unless the agreement upon which such action shall be brought, shall be in writing, and signed by the party to be charged therewith. Sec. 6, Chap. 283, General Laws, 1909.

That courts of equity may enforce the specific performance of parol contracts, notwithstanding this statute, when there has been full or part performance on one side, is well established in this State. *Hodges* v. *Howard*, 5 R. I. 149; *Peckham* v. *Barker*, 8 R. I. 17; *Spencer* v. *Spencer*, 25 R. I. 239; *Ham* v. *Massasoit Real Estate Co.*, 42 R. I. 293.

The findings of fact show that the contract has been partly performed by both parties; that the complainant did nothing further towards closing out his business after the conference of February 2, but, on the contrary, continued it with his full force of men, including the employment of the respondent as superintendent and manager until he left of his own accord April 10; that he advanced to the respondent the moneys paid by him for three months' rent of the land; that he paid bills, incurred on account of the construction of the building, amounting to over thirteen thousand

dollars; that during February and March, Mrs. Tingley, on several occasions asked the respondent to get the papers transferred to Mr. Tingley, but on the plea of being too busy he did nothing, and that he never claimed to Mr. or Mrs. Tingley that the property was his own, and the testimony indicates that the complainant was in possession of said land during the time the building was being erected.

As the findings of fact show that the complainant has substantially performed his part of the agreement made at said conference, the court will not now permit the respondent to repudiate his agreement to transfer the contract to purchase the railroad land, and claim the protection of the statute of frauds, in order to permit him to perpetrate a fraud upon the complainant.

The findings of fact in this case, with the inferences to be deduced therefrom, are sufficient to require the court to grant to the complainant the relief prayed for.

The complainant's appeal is sustained; the decree appealed from is reversed; and the parties may present to this court a form of decree, in accordance with this opinion, on the 28th day of March, 1921, at 10 o'clock, a. m.

*Ralph T. Barnefield, Waterman & Greenlaw,* for complainant.

*Alexander L. Churchill, Lawrence F. Nolan,* for respondent Jacques.